IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BRUCE COPELAND, derivatively on )
behalf of RBR INVESTMENTS, INC., )
                                                  )
               Plaintiff, )
                                                  )
v. )   Case No. CIV-25-00637-JD
                                                  )
INTERACTIVE BROKERS LLC, )
                                                  )
               Defendant. )

**ORDER**

Before the Court are Plaintiff Bruce Copeland's Motion for Certification of Interlocutory Order for Appeal ("Motion for Certification") [Doc. No. 33], the Court's Order directing Plaintiff Copeland to obtain counsel [Doc. No. 16], and Defendant Interactive Brokers LLC's ("Interactive") Motion to Dismiss ("Motion to Dismiss") [Doc. No. 18]. Interactive filed a response brief ("Response") [Doc. No. 37], opposing Copeland's Motion for Certification. The Court previously issued a stay pending resolution of Copeland's interlocutory appeal. [Doc. No. 34].

For the reasons stated below, the Court DENIES Copeland's Motion for Certification and DISMISSES this case for Copeland's failure to obtain counsel in compliance with the Court's Order. The Court also DENIES AS MOOT Interactive's Motion to Dismiss.

**I.    BACKGROUND**

On June 11, 2025, Copeland filed his complaint against Interactive, bringing an action "derivatively on behalf of RBR Investments, Inc." [Doc. No. 1 at 1]. On June 12,

2025, the Court ordered Copeland to show cause why his complaint should not be dismissed for failure to comply with Local Civil Rule 17.1 and the longstanding prohibition on pro se litigants bringing actions on behalf of a corporation. [Doc. No. 4]. Copeland responded. [Doc. No. 6]. On July 18, 2025, the Court ordered Copeland to obtain counsel "no later than August 18, 2025" or face dismissal without prejudice [Doc. No. 16 at 4–5].

On August 15, 2025, Copeland filed two motions to stay this case while he appealed this Court's July 18th Order to the United States Court of Appeals for the Tenth Circuit. [Doc. Nos. 24, 26]. On September 8, 2025, the Court stayed proceedings in this case pending the outcome of Copeland's interlocutory appeal [Doc. No. 34], and on that same day Copeland filed his Motion for Certification [Doc. No. 33]. On September 9, 2025, the Tenth Circuit dismissed Copeland's appeal for failure to prosecute. [Doc. No. 36].

## II.   ANALYSIS

The Court had stayed proceedings in this case pending the outcome of Copeland's appeal. As Copeland's appeal has since been dismissed, the Court proceeds to adjudicate the above-mentioned motions. *See* [Doc. No. 34] ("The stay of this district court matter will automatically lift upon resolution of the interlocutory appeal by the Tenth Circuit, and this Court will take further action at that time.").

      A.      **The Court declines to certify because no substantial ground for difference of opinion exists as to whether a pro se litigant may bring a derivative action.**

Copeland seeks to appeal this Court's determination that he may not pursue a derivative action pro se and that he must obtain counsel. Mot. Certification at 1. Copeland requests certification of this question under 28 U.S.C. § 1292(b). That statute states a district court shall indicate when it believes an otherwise non-appealable order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Upon such certification from the district court, the relevant court of appeals "may thereupon, in its discretion, permit an appeal to be taken from such order." *Id.*

It is well-established that corporations may appear only through counsel. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993). The real party in interest in a derivative suit is the corporation, not the shareholder. *Ross v. Bernhard*, 396 U.S. 531, 538 (1970). An equally well-settled rule is that a pro se litigant only has standing to bring his own claims. LCvR17.1; 28 U.S.C. § 1654; *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). Moreover, the Tenth Circuit has refused to hear interlocutory appeals of orders compelling corporations be represented through counsel. *Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 413–14 (10th Cir. 1962).

This rule isn't arbitrary—it furthers legitimate policy concerns. "Unlike a personal suit, failure of the plaintiff to succeed in the action will result in a loss to the corporation because under the laws of many states . . . a corporation is obligated to indemnify the

individual director defendants for their fees and expenses if the suit fails." *Phillips v. Tobin*, 548 F.2d 408, 412 (2d Cir. 1976). So without the prohibition on pro se litigants, "'a self-chosen representative and volunteer champion'" could cause "a substantial loss to the corporation and . . . a decrease in the corporate assets and the value of the shares." *Id.* (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 549–50 (1949)).

In response, Copeland lists three Supreme Court cases that he claims create "tension" with the rule prohibiting pro se litigation of derivative actions. Mot. Certification at 3. The first, *Ross v. Bernhard*, 396 U.S. 531 (1970), extends the Seventh Amendment right to a jury trial to derivative actions. But this case creates no tension with the general rule. As mentioned above, *Ross v. Bernhard* affirms the notion that the real party in interest in a derivative action is the corporation, not the shareholder. 396 U.S. at 538.

The second case cited by Copeland, *Kamen v. Kemper Financial Services, Inc.*, 500 U.S. 90 (1991), held that demand futility pleading particularity rules operate with reference to state law. This has nothing to do with one's ability to litigate a derivative action pro se.

Likewise, Copeland's third case—*Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949)—dealt with a federal court's application of state laws requiring plaintiffs in a derivative action to provide security for attorney's fees and costs. *Cohen* makes no suggestion that a shareholder has the right to litigate a derivative action without counsel.

4

In sum, none of the three cases Copeland cites provide a "substantial ground for difference of opinion." 28 U.S.C. § 1292(b).[1]

Here, Copeland styles this action as a derivative suit, and he avers the law allows him to litigate this action pro se. Mot. Certification at 3. It does not. The above rules foreclose any possibility that Copeland presents a question on "which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Because Copeland has not presented "substantial ground for difference of opinion" on this legal question,[2] the Court denies his Motion for Certification.

### B. Copeland has failed to comply with the Court's Order that he obtain counsel.

The Court ordered Copeland to obtain counsel by August 18, 2025. [Doc. No. 16]. At Copeland's request, on September 8, 2025, the Court stayed this case pending resolution of the interlocutory appeal by the Tenth Circuit. [Doc. No. 34].[3] That resolution occurred on September 9, 2025, when the Tenth Circuit dismissed the appeal for lack of prosecution. [Doc. No. 36]. The Court previously warned the parties that its

---

[1] Copeland also claims that "[l]egal scholars and practitioners disagree on this issue," but he does not list a single written academic criticism of the rule against pro se litigation of corporate derivative actions. Mot. Certification at 3.

[2] Because Copeland has failed to make this threshold showing, the Court need not examine Copeland's further arguments regarding whether an appeal would materially advance this litigation. Mot. Certification at 3–6.

[3] However, the Court was not obligated to stay proceedings at the time Copeland filed his appeal because 28 U.S.C. § 1292(b) states that "application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

5

stay would automatically lift upon resolution of the interlocutory appeal by the Tenth Circuit and that the Court would take further action at that time. [Doc. No. 34].

As of the date of this Order, Copeland still has not complied with the Court's Order to obtain counsel. Because Copeland has failed to comply with the Court's Order, the Court dismisses Copeland's action without prejudice.[4]

## III. CONCLUSION

For these reasons, the Court DENIES Plaintiff Copeland's Motion for Certification and DISMISSES Plaintiff Copeland's action WITHOUT PREJUDICE. The Court also DENIES AS MOOT Defendant Interactive's Motion to Dismiss. A separate judgment will follow.

IT IS SO ORDERED this 23rd day of September 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[4] Because the Court dismisses this case for Copeland's failure to comply with its Order, the Court finds Defendant Interactive's Motion to Dismiss is now moot.